IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:11-CV-276-BO

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| JOHN BLACKBURN AND BOARS BREATH, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motion to dismiss [DE 11]. Plaintiff has responded [DE 12], and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is denied.

## BACKGROUND

Plaintiff was granted the exclusive nationwide commercial distribution rights to *Ultimate Fighting Championship 108* (UFC 108) and plaintiff's distribution rights encompassed the main event as well as all undercard events. Plaintiff in its complaint alleges that defendants unlawfully intercepted the UFC 108 and exhibited it at their commercial establishment in Wilmington, North Carolina without permission from plaintiff.

Defendant John Blackburn has appeared *pro se* and filed a motion for dismissal. The motion asks that the case be dismissed under Rule 12 because of lack of evidence. The motion appears to be signed by John Blackburn and member/manager of Boar's Breath LLC. Accordingly, the court will construe the motion as being filed on behalf of both defendants.

## DISCUSSION

Though the *pro se* motion does not state under which provision of Rule 12 it seeks

dismissal, construing the motion liberally the Court will consider it as a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

At the outset, the Court addresses the sufficiency of the motion to dismiss in regard to Boars Breath L.L.C. As the Court has twice previously advised defendants, Boars Breath is a business entity and may not appear without counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993); *see RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). Defendant Blackburn does not appear to be an attorney licensed to practice in this district. Accordingly, as Boars Breath's appearance for the purposes of the motion to dismiss is not proper, the Court is constrained to deny the motion as it pertains to Boars Breath. The Court again instructs Boars Breath that a business entity *may not* appear in this Court without counsel. Any further filings on its behalf will not be considered

should Boars Breath continue to appear *pro se*.

Defendant Blackburn's motion for dismissal is denied. Blackburn's motion contends that there is a lack of evidence and that he did not show the program in question. Blackburn has failed to show, however, how plaintiff's complaint has failed to allege enough facts to state a claim for relief that is facially plausible. Even when construed liberally, Blackburn's motion fails to provide the Court with any basis upon which it might dismiss the complaint in this matter. The burden is on the moving party to demonstrate that the plaintiff has failed to state a claim under Rule 12(b)(6). *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991). While the motion discusses the lack of evidence, it does not contest the legal sufficiency of the complaint. Nor does it contend that the facts plead, which the Court must view in the light most favorable to plaintiff on a 12(b)(6) motion, do not state a plausible claim for relief. Accordingly, defendant Blackburn's motion for dismissal is DENIED.

## CONCLUSION

For the reasons discussed above, defendant Blackburn's motion for dismissal is DENIED. The Court issues its final NOTICE to defendant Boars Breath L.L.C. that it may not appear in this matter without counsel.

SO ORDERED, this 10 day of October, 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 7:11-cv-00276-BO   Document 14   Filed 10/12/12   Page 3 of 3