UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.: 7:11-CV-276-BO

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN BLACKBURN, INDIVIDUALLY and )<br>d/b/a BOARS BREATH SALOON; and )<br>BOARS BREATH, L.L.C., a business entity )<br>d/b/a BOARS BREATH SALOON, )<br>)<br>Defendants. ) | **DEFAULT JUDGMENT** |

This matter is before the Court on the plaintiff's motion for default judgment [DE 23]. The plaintiff has requested that the Court enter a default judgment against defendant Boars Breath, LLC pursuant to Federal Rule of Civil Procedure 55(b). For the reasons stated herein, the plaintiff's motion is GRANTED.

DISCUSSION

Plaintiff is a Pennsylvania corporation that distributes sports and entertainment programming via closed-circuit broadcast. The defendants operated a bar in Wilmington, North Carolina. The instant dispute arises out of the defendants' unauthorized screening of "Ultimate Fighting Championship 108: Rashad Evans v. Thiago Silva" on January 2, 2010.

The plaintiff alleged that the defendants' unauthorized screening of the Evans v. Silva fight was a violation of 47 U.S.C. § 553, which makes it illegal to "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or any may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). The statute also creates a private right of action that

1

provides civil remedies for violations of the law, including injunctive relief, damages, costs and attorneys' fees. 47 U.S.C. § 553(c)(2). The plaintiff also alleged that the defendants acted in violation of 47 U.S.C. § 605, which prohibits the interception of "any radio communication and divulg[ance] or public[cation of] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Like section 553, section 605 creates a private right of action and provides for civil remedies, including injunctive relief, statutory damages, costs, and attorneys' fees. 47 U.S.C. § 605(e)(3)(A)-(B). Under section 605, statutory damages may be awarded in a sum or not less than $1,000 or more than $10,000, as the Court considers just. 47 U.S.C. § 605(e)(3)(C). The Court may enhance such damages at its discretion up to $100,000. *Id.* Plaintiff seeks statutory damages, enhanced damages, attorneys' fees, and costs.

In granting default judgment, well-pleaded factual allegations are sufficient to establish a defendant's liability. Fed Civ.R.P. 55(a). However, the allegations of the complaint regarding the amount of damages to be awarded are not controlling. *Joe Hand Promotions, Inc. v. Coaches Sports Bar*, 812 F.Supp.2d 702 (E.D.N.C. 2011). Courts have used several methods to calculate the appropriate statutory damages awarded under Section 605, including awarding a flat sum per violation. *See Id.* at 704. Here, the Court finds that awarding a flat sum per violation is consistent with the aims of the statute and with the harm actually suffered by plaintiff. As such, the Court awards the plaintiff $1,000 per violation. As only one violation was alleged in the plaintiff's complaint, the plaintiff is awarded a total of $1,000 in statutory damages.

Because Joe Hand provided an affidavit listing the attorneys' fees incurred in the handling of this matter, it is awarded those attorneys' fees in the amount of $1,012.50. 47 U.S.C. § 605(e)(3)(B)(iii).

2

John Blackburn, the individual defendant named in this matter filed for Chapter 13 bankruptcy in the Bankruptcy Court for the Eastern District of North Carolina and, as such, this matter has been stayed against him. Therefore, this default judgment is only entered against Boars Breath, LLC.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for default judgment is GRANTED. The Clerk of Court is DIRECTED to enter a judgment against defendant Boars Breath LLC on the amount of $1,000.00. In addition, attorneys' fees are awarded to Plaintiff Joe Hand Promotions Inc. in the amount of $1,012.50.

SO ORDERED

This the 10 day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE